

An official website of the United States government
Here's how you know



# FOIA.gov

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 2947541

# Success!

## Your FOIA request has been created and is being sent to the Federal Bureau of Prisons.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

FOIA Requester Service Center

202-616-7750

Kara Christenson, FOIA Public Liaison

202-616-7750

Kara Christenson, Room 924, HOLC Building
320 First Street, NW
Washington, DC 20534

# Request summary

Request submitted on **June 2, 2026**.

The confirmation ID for your request is **2947541**.

The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**
Tanvi Misra

**Mailing address**
2810 46th St, Apt 2
Astoria, New York 11103
United States

**Phone number**
2243079030

**Company/organization**
Type Media Center

**Email**
misra.tanvi@gmail.com

## Your request

Dear FOIA officer: Pursuant to 5 U.S.C. § 552, I would like to request the following records for the detainee death of Johnny Noviello (See: https://www.ice.gov/news/releases/canadian-national-ice-custody-passes-away): All

pages of the Department of Justice Office of Inspector General investigation (#MI-412-2025-015639-M) referred to the Federal Bureau of Prisons (component number: OIA-2025-07350). I make this request as a member of the news media: I am an investigative journalist, currently a fellow with the nonprofit new organization Type Media Center, who writes for top national and international news organizations such as Politico, The Guardian, New York magazine, etc. The records are intended for public dissemination and not for commercial purposes. For this reason, I respectfully request a fee waiver, as I will be publishing and circulating the results of the records I receive to the general public through news articles. In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, in .pdf or .doc format by e-mail attachment if available—or CD-ROM to my address on record if not. Thank you in advance for your timely consideration of this time-sensitive request. I look forward to hearing from you within the duration the statute requires. All best,

## Fees

**What type of requester are you?**
media

**Fee waiver**
yes

**Fee waiver justification**
I respectfully request a fee waiver, as I am a well-established journalist with US media organizations who intends to disseminate the information requested to inform the public of government policies and practices. This request is not being made for commercial purposes. In the event that there are fees, please convey the amount before proceeding.

**The amount of money you're willing to pay in fees, if any**
50

## Request expedited processing

**Expedited processing**

yes

**Justification for expedited processing**

I seek expedited processing of this request pursuant to 6 C.F.R. 5.5(e) and declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following statements are true and correct to the best of my knowledge and understanding: 1. I am a member of the media primarily engaged in information dissemination, a factor that has been sufficient to grant expedited processing in the past by several FOIA requests. Examples of my work are available here: https://www.theguardian.com/us-news/2021/feb/05/us-citizen-newborns-mexico-migrant-women-border-ban, https://www.politico.com/news/magazine/2023/09/17/afghanistan-visa-family-00113267, and https://www.hcn.org/issues/56-9/the-fatal-flaw-in-the-border-patrols-rescue-program/ 2. As Immigration and Customs Enforcement has rapidly increased its detained noncitizen population since January 2025, mortality in ICE detention has also rapidly increased. 3. ICE is presently on track to have the highest detainee deaths in the agency's custody on record: See: Table 1: Publicly Reported Deaths in ICE Custody by Fiscal Year since PBNDS 2011 adoption. FY COUNT of FY Deaths 11 10 12 8 13 9 14 6 15 7 16 10 17 12 18 10 19 9 20 22 21 5 22 3 23 4 24 12 25 33 26 to date: 18. 4. Public reports indicate that Congress allocated $70 billion in funding to immigration enforcement agencies through 2029, which is in addition to the $170 billion already provided last year—already a huge spike from previous funding. See: https://www.cnbc.com/2026/04/23/us-senate-votes-to-advance-70-billion-funding-plan-for-ice-border-patrol.html, https://www.npr.org/2026/01/21/nx-s1-5674887/ice-budget-funding-congress-trump 5. Timely access to information regarding healthcare outcomes in ICE custody is essential to public health researchers, medical experts, policymakers, and informed citizens who wish to have a meaningful role in the policy debate over whether the proposed budget increase represents a lawful and prudent expenditure of public resources. 6. My previous FOIA and journalism work on ICE detention conditions has been used by and cited in research papers by physicians, reports by human rights groups, House and Senate investigations, and court orders that all lead to significant policy decisions. 7. There is an urgent need to inform the public regarding ICE's capacity to manage and oversee medical emergencies and conditions that could lead to deaths of people in ICE custody. 8. The details behind detainee death have elicited international attention. See: https://www.cnn.com/2025/06/26/us/johnny-noviello-ice-death-canada-florida 9. The investigation in question uncovers potential failures in standards of care that may have resulted in the detainee's death.

# Terms of service

**Terms of Service**

yes



## CONTACT

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit ☑ CC3.0

| FREQUENTLY ASKED QUESTIONS

| DEVELOPER RESOURCES

| AGENCY API SPEC

| FOIA CONTACT DOWNLOAD

| FOIA DATASET DOWNLOAD

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV ☑



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Central Office_
_320 First St., NW_
_Washington, DC  20534_

June 16, 2026

Tanvi Misra
2810 46th St, Apt 2
Astoria, NY  11103

Dear Tanvi Misra:

The Federal Bureau of Prisons (BOP) acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request seeking information regarding Johnny Noviello, in which you seek expedited processing. Your request has been assigned FOIA/PA Request Number 2026-05551.

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). The BOP makes the determination regarding the first three exceptions, and the Department of Justice's Director of Public Affairs makes the determination when the fourth category is relied upon as the basis for requesting expedited treatment.

Your request did not specify which exception you are seeking expedited processing. Therefore, we interpret your request for expedited processing under exception (ii). You provided insufficient information however, to support a claim regarding an urgency to inform the public. This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.

Therefore, your request will be processed in the order in which it was received.

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be

voluminous and will require significant time to review. Because of these unusual circumstances, we have extended the time limit to respond to your request for the ten additional days provided by statute. Processing complex requests may take up to nine months. In accordance with 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount. At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will decide whether to grant your request after we determine whether fees will be assessed for this request.

If you have questions regarding the status of your request or anything discussed in this letter, including reformulating or narrowing your request, you may contact the undersigned, this office or the BOP's FOIA Public Liaison, Ms. Kara Christenson, at: 320 First Street NW, Room 924, Washington, DC 20534; BOP-OGC-EFOIA-S@bop.gov; or 202-616-7750 (phone). You can also check the status of your request online at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone); 1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

S. Raymond, for
Kara Christenson
Supervisory Government Information Specialist

# Appeal

Appeal Information

| | |
|---|---|
| Appeal Number | A-2026-01710 |
| Received Date | 06/18/2026 |
| Due Date | 07/20/2026 |
| Receipt Method | Electronic |
| Postmark Date | |
| Appeal Is In Litigation | No |
| Unusual Circumstances | null |
| Track | null |

| | |
|---|---|
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |
| Litigation Information | |
| Litigation Number | |
| First Name of Litigator | |
| Last Name of Litigator | |

| | |
|---|---|
| Case Name | |
| Federal District Court | null |
| Date of Final Adjudication by Court | |
| Request Information | |
| Request Number | 2026-05551 |
| Request ID | |
| Component | BOP |
| Subject of Request | Dear FOIA officer: Pursuant to 5 U.S.C. § 552, I would like to request the following records for the detainee death of Johnny Noviello (See: https://www.ice.gov/news/releases/canadian-national-ice-custody-passes-away): All pages of the Department of Justice Office of Inspector General investigation (#MI-412-2025-015639-M) referred to the Federal Bureau of Prisons (component number: OIA-2025-07350).<br><br>I make this request as a member of the news media: I am an investigative journalist, currently a fellow with the nonprofit new organization Type Media Center, who writes for top national and international |

news organizations such as Politico, The Guardian, New York magazine, etc. The records are intended for public dissemination and not for commercial purposes. For this reason, I respectfully request a fee waiver, as I will be publishing and circulating the results of the records I receive to the general public through news articles. In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, in .pdf or .doc format by e-mail attachment if available--or CD-ROM to my address on record if not. Thank you in advance for your timely consideration of this time-sensitive request. I look forward to hearing from you within the duration the statute requires. All best,

Basis for Appeal

Description of Appeal

Dear Director, Office of Information Policy (OIP): I hereby appeal the denial (received 6/16 via email) of my FOIA expedited processing request for the case number 26-OIG-301. My original request does note several reasons that pertain to 28 C.F.R. §16.5 (e)(1)(ii) ( "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information.") in that the records pertain to potential wrongful neglect or malpractice in the death of an immigrant detainee in federal custody at a BOP facility, one where a whistleblower has filed a whistleblower complaint regarding malpractice. See: https://www.theglobeandmail.com/canada/article-johnny-noviello-canadian-ice-detainee-death-s As a journalist, it is my duty to inform the public about any failures that resulted in this death so 1) if preventable, future deaths can be avoided and 2) the public is better informed around the policies and practices around immigrant detention. In addition, I can state the following supplemental reasons, that go towards 8 C.F.R. §16.5 (e)(1)(iii) ( "The loss of substantial due process rights.") and 28 C.F.R. §16.5 (e)(1)(iv) ("A matter of widespread and exceptional media interest..."): 1) The federal government is set to have the highest death toll in immigration detention this year since deaths started being

counted: 19 to date.
2) In protest of alleged neglectful medical treatment
and
substandard food, and various violations of rights and due process, detainees have
launched hunger strikes at federal facilities around the country.
See:
https://www.nbcnews.com/news/us-news/detainees-hunger-strike-allege-filthy-water-moldy-food
3)
The
deaths of detainees in federal custody and the policies/failures behind it is of
immense interest to the public -- and to members of congress.
See:
https://jayapal.house.gov/wp-content/uploads/2026/01/Deaths-in-Detention-Ltr-Final.pdf
4)
News organizations around the country are covering government decision making that
may have resulted in this higher death toll.
5) Senior ICE officials have
indicated no wrongdoing by the government and so greater clarity is
required
around the circumstances behind these deaths.

Thank you for
your
consideration.

| | |
|---|---|
| Based on Denial of Fee Waiver | No |
| Based on Denial of Expedited Processing | Yes |
| Requester Item Type 1 | null |
| Requester Items 1 | No Attachment |
| Requester Item Type 2 | null |
| Requester Items 2 | No Attachment |
| Requester Item Type 3 | null |
| Requester Items 3 | No Attachment |
| Requester Contact Information | |
| Salutation | null |
| First Name | Tanvi |
| Middle Name | |
| Last Name | Misra |
| Email Address | misra.tanvi@gmail.com |
| Organization | Type Media Center |
| Register Number | |
| Phone Number | 2243079030 |
| Fax Number | |
| Other Information | |

| | |
|---|---|
| Address Type | Home |
| Country | United States |
| Address Line 1 | 2810 46TH ST. |
| Address Line 2 | apt 2 |
| Military Branch | |
| City | Astoria |
| Province | |
| State | New York |
| Zip/Postal Code | 11103 |
| Expedited Processing Information | |
| Expedited Processing Requested? | Yes |
| Expedited Processing Request Date | |
| Expedited Processing Determination | null |
| Standards for Expedition | • 1. Circumstances in which the lack of expedited processing |
| | • 2. An urgency to inform the public about an actual or alleged |
| | • 3. The loss of substantial due process rights. |
| | • 4. A matter of widespread and exceptional media interest in |
| Expedited Justification | I seek expedited processing of this request pursuant to 6 C.F |
| | declare under penalty of |
| | perjury pursuant to 28 U.S.C. 1746 that the following |
| | statements are true and correct to the best of my |
| | knowledge and understanding: 1. |
| | I am a member of the media primarily engaged in information |
| | dissemination, a |
| | factor that has been sufficient to grant expedited processing i |
| | several |
| | FOIA requests. Examples of my work are available here: |
| | https://www.theguardian.com/us- |
| | news/2021/feb/05/us-citizen-newborns-mexico-migrant-wome |
| | https://www.politico.com/news/magazine/2023/09/17/afghanis |
| | and |
| | https://www.hcn.org/issues/56-9/the-fatal-flaw-in-the-border-p |
| | 2. As |
| | Immigration and Customs Enforcement has rapidly increased |
| | noncitizen population since |
| | January 2025, mortality in ICE detention has also |
| | rapidly increased. 3. ICE is presently on track to have |
| | the highest detainee |
| | deaths in the agency's custody on record: See: Table 1: Publ |
| | Deaths |
| | in ICE Custody by Fiscal Year since PBNDS 2011 adoption. F |

Deaths 11 10 12 8 13 9 14 6 15
7 16 10 17 12 18 10 19 9 20 22 21 5 22 3 23 4 24
12 25 33 26 to date: 18. 4. Public reports indicate that
Congress allocated $70
billion in funding to immigration enforcement agencies throug
in
addition to the $170 billion already provided last year--already
previous funding.
See:
https://www.cnbc.com/2026/04/23/us-senate-votes-to-advanc
border-patrol.html,
https://www.npr.org/2026/01/21/nx-s1-5674887/ice-budget-fu
trump
5. Timely access to information regarding healthcare outcome
essential to
public health researchers, medical experts, policymakers, and
informed citizens who wish to have a
meaningful role in the policy debate over
whether the proposed budget increase represents a lawful
and prudent expenditure
of public resources. 6. My previous FOIA and journalism work
detention
conditions has been used by and cited in research papers by
human
rights groups, House and Senate investigations, and court ord
lead to significant policy
decisions. 7. There is an urgent need to inform the
public regarding ICE's capacity to manage and
oversee medical emergencies and
conditions that could lead to deaths of people in ICE custody.
details
behind detainee death have elicited international attention.
See:
https://www.cnn.com/2025/06/26/us/johnny-noviello-ice-death
9. The investigation in
question uncovers potential failures in standards of care
that may have resulted in the detainee's
death.

| | |
|---|---|
| Workflow State | Submitted |
| Records Management | |
| Workflow Status | Submitted |
| Disposition Date | |
| Marked for Disposition | |
| Disposition Confirmed | |
| Disposition Confirmed By | null |



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

Tanvi Misra

Re:    Appeal No. A-2026-01710

Request No. 2026-05551

misra.tanvi@gmail.com

**VIA: Online Portal - 07/10/2026**

Dear Tanvi Misra:

You appealed from the Federal Bureau of Prisons' (BOP) denial of your request for expedited treatment of your Freedom of Information Act (FOIA) Request No. 2026-05551.

In your appeal letter, you assert that your request is entitled to expedited treatment pursuant to the second and fourth standards enumerated in the Department of Justice's regulations. Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 28 C.F.R. § 16.5(e)(1)(ii) (2024). Under the fourth standard, you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." Id. at § 16.5(e)(1)(iv). This Office makes determinations regarding the first three standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard. See id. at § 16.5(e)(2).

After carefully considering your appeal, I am affirming BOP's action in denying your request for expedited treatment. In deciding whether you have demonstrated that there is an "urgency to inform the public" under 28 C.F.R. § 16.5(e)(1)(ii) (2024), I considered three factors: "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001). Although your request concerns a federal government activity, you have not established that the requested records are a matter of current exigency to the American public, nor that delaying a response would compromise a significant recognized interest. Without such a showing, expedited processing pursuant to the second

standard is not warranted.

The Director of Public Affairs considered your request for expedited processing under the fourth standard and determined that your request should be denied. I agree with the determination of the Director of Public Affairs that expedited treatment of your request is not warranted under this standard because you have failed to sufficiently demonstrate that the subject of your request is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv) (2024). Accordingly, the Director of Public Affairs properly determined that you failed to meet your burden under the fourth standard for expedited processing.

Finally, I note that you requested expedited treatment of your appeal. Because I am closing your underlying appeal, your request for expedited treatment of this appeal is moot.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of BOP in response to your request for expedited processing.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; or toll-free at 1-877-684-6448. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X_____
Christina Troiani
Chief, Administrative Appeals Staff