UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANVI MISRA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendants. | Civil Action No. 26-2510 (LLA) |

**ANSWER**

Defendants the United States Federal Bureau of Prisons ("BOP"), and United States Department of Justice ("DOJ") (together, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff Tanvi Misra in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action.

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to, or quotes from, external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations inconsistent therewith; such referral is not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

Defendants respond to the Complaint in like numbered paragraphs as follows:

**Introduction and Background**[1]

1. Paragraph 1 consists of Plaintiff's characterization of the instant action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff filed FOIA requests seeking agency records from the Defendants.

2. Paragraph 2 contains Plaintiff's characterization of its FOIA request; Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. The remaining allegations in this paragraph consists of legal conclusions, to which no response is deemed required. To the extent a response is required, DOJ denies the allegations and deny any violation of FOIA.

3. Paragraph 3 contains Plaintiff's characterization of its FOIA request; BOP respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. The remaining allegations in this paragraph consist of legal conclusions, to which no response is deemed required. To the extent a response is deemed required, BOP denies the allegations and denies any violation of FOIA.

4. Paragraph 4 sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

**JURISDICTION AND VENUE**

5. Paragraph 5 consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

6. Paragraph 6 consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

7. Paragraph 7 consists of Plaintiff's legal conclusions regarding exhaustion, to which no response is required.

8. Paragraph 8 consists of Plaintiff's legal conclusions regarding exhaustion and jurisdiction, to which no response is required.

9. Paragraph 9 consists of legal conclusions regarding the application and purpose of the FOIA, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for an accurate and complete reading of its contents and deny any allegation inconsistent with its plain meaning.

10. Paragraph 10 consists of statements of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA statute for an accurate and complete reading of its contents and deny any allegation inconsistent with its plain meaning.

11. Paragraph 11 consists of legal conclusions regarding the application and purpose of the FOIA, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for an accurate and complete reading of its contents and deny any allegation inconsistent with its plain meaning.

**PARTIES**

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 14.

15. Defendants admit that the DOJ is an agency within the meaning of 5 U.S.C. § 551(1). Defendants admit that the Office of Inspector General is a component of the DOJ. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

16. Defendants admit that the BOP is a component of the U.S. Department of Justice that is subject to the provisions of the FOIA, 5 U.S.C. § 552, et seq., and respectfully refer the Court to the FOIA and a complete reading of its contents and deny any allegations inconsistent therewith.

17. Defendants admit that the BOP is an agency within the meaning of 5 U.S.C. § 551(1). Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

## FACTS

**Mr. Noviello's preventable death at FDC Miami**

18-30. Defendants deny the allegations in these paragraphs as immaterial to the merits of Plaintiff's FOIA claims and, to the extent they purport to describe facts outside the administrative FOIA record, lack knowledge or information sufficient to form a belief as to the truth of these allegations. Defendants reserve all rights to move under Rule 12(f) to strike immaterial or impertinent matter.

**<u>Plaintiff Misra's FOIA Request to DOJ OIG</u>**

31. Defendants admit that on or around June 2, 2026, Plaintiff submitted a FOIA request to DOJ OIG. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

32. Paragraph 32 contains Plaintiff's characterization of its FOIA request, to which no response is required. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

33. Defendants admit only that Plaintiff sought expedited processing in the DOJ OIG FOIA request. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

34. Defendant DOJ OIG admits that on or around June 8, 2026, DOJ OIG sent Plaintiff an acknowledgement letter, assigned the request tracking number 26-OIG-301, and stated that the request had been referred to the Department of Justice Office of Public Affairs for a determination concerning the request for expedited processing. Defendants respectfully refer the Court to the Acknowledgement Letter sent to Plaintiff for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35. Defendant DOJ OIG admits that on or around June 10, 2026, DOJ OIG sent Plaintiff a letter, denying Plaintiff's request for expedited processing. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

36. Paragraph 36 consists of Plaintiff's characterization of Plaintiff's June 10, 2026, appeal. Defendants respectfully refer the Court to that appeal for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37. DOJ denies that Plaintiff has received no further responses from the agency.

38. Defendant admits that as of this date the OIG has not provided records in response to the FOIA request as of the date of Plaintiff's Compliant.

39. Defendant admits that as of this date the OIG has not provided records in response to the FOIA request as of the date of Plaintiff's Complaint.

40. Defendant admits that as of this date the OIG has not provided records in response to the FOIA request as of the date of Plaintiff's Complaint.

41. Defendant admits that as of this date the OIG has not provided records in response to the FOIA request as of the date of Plaintiff's Complaint.

**Plaintiff Misra's FOIA request to BOP**

42. BOP admits that on June 2, 2026, Plaintiff submitted a FOIA request to BOP. BOP respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

43. Paragraph 43 contains Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, BOP respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Pl. Ex. B (ECF No. 1-4 at 2-3).

44. BOP admits only that Plaintiff sought expedited processing in the BOP FOIA request. BOP avers that the Request is the best evidence of its contents, respectfully refers the Court to that request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. Pl. Ex. B (ECF No. 1-4 at 4).

45. BOP admits that on June 16, 2026, BOP sent Plaintiff an acknowledgement letter, assigned the request tracking number FOIA 2026-05551, and denied Plaintiff's request

for expedited processing. BOP respectfully refers the Court to the Acknowledgement Letter sent to Plaintiff for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Pl. Ex. B (ECF No. 1-4 at 6).

46. Paragraph 46 characterizes Plaintiff's June 18, 2026, appeal. BOP respectfully refers the Court to that appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Pl. Ex. B (ECF No. 1-4 at 8-12).

47. Paragraph 47 characterizes DOJ's Office of Information Policy July 10, 2026, correspondence to Plaintiff. BOP respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Pl. Ex. B (ECF No. 1-4 at 13-14).

48. BOP admits that no further responses have been provided to the Plaintiff.

49. BOP admits that as of this date the BOP has not completed its search and review of records responsive to Plaintiff's request.

50. BOP admits that as of this date the BOP has not taken final action on Plaintiff's request. BOP respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51. BOP admits that as of this date the BOP has not made a final determination on Plaintiff's request for records.

52. BOP admits that as of this date the BOP has not made a final determination on Plaintiff's request for records.

**<u>Urgent Public Interest in Timely Disclosure of ICE Death Records</u>**

53-67. Defendants lack knowledge or information sufficient to form a belief concerning the allegations in these paragraphs, which concern public interest and third-party

statements, and therefore deny them. Defendants deny any implication that such allegations are material to the merits of Plaintiff's FOIA claims.

## CLAIMS FOR RELIEF

### COUNT I
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF 5 U.S.C. § 552 BY DOJ

68. DOJ hereby incorporates by reference the allegations in the preceding paragraphs.

69. Paragraph 69 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

70. Paragraph 70 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

71. Paragraph 71 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA, to which no response is required. To the extent a response is deemed required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

### COUNT II
### FAILURE TO ESTIMATE A DATE OF PRODUCTION
### VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii) BY DOJ

72. DOJ hereby incorporates by reference the allegations in the preceding paragraphs.

73. Paragraph 73 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

74. Paragraph 74 consists of Plaintiff's legal conclusions and factual assumptions that do not set forth a claim for relief or aver facts in support of a claim, to which no response is required. To the extent a response is required, DOJ denies.

**COUNT III**
**FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS PROMPTLY AVAILABLE**
**VIOLATION OF 5 U.S.C. § 552(a)(3) BY DOJ**

75. DOJ hereby incorporates by reference the allegations in the preceding paragraphs.

76. Paragraph 76 consists of statements of law regarding the requirements under the FOIA, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegation inconsistent therein.

77. DOJ admits only that DOJ has not issued a final determination on Plaintiff's request as of this date. To the extent a further response is required, DOJ denies.

**COUNT IV**
**VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY DOJ**

78. DOJ hereby incorporates by reference the allegations in the preceding paragraphs.

79. Paragraph 79 consists of Plaintiff's legal conclusions regarding FOIA, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court

to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

80. Paragraph 80 consists of Plaintiff's legal conclusions regarding the FOIA, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

81. Paragraph 81 consists of Plaintiff's legal conclusions regarding the FOIA, to which no response is required. To the extent a response is required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

**COUNT V**
**VIOLATION OF 5 U.S.C. § 552(a)(6)(E)**
**FAILURE TO CONDUCT EXPEDITIOUS APPEAL CONSIDERATION BY DOJ**

82. DOJ hereby incorporates by reference the allegations in the preceding paragraphs.

83. Paragraph 83 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA, to which no response is required. To the extent a response is deemed required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therein.

84. Paragraph 84 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA and regulations, to which no response is required. To the extent a response is deemed required, DOJ respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therein.

85. DOJ denies the DOJ has failed to provide a determination for Plaintiff's appeal

of the DOJ OIG's denial of expedited processing. DOJ respectfully refers the Court to the denial letter sent to Plaintiff for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

**COUNT VI**
**VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY BOP**

86. BOP hereby incorporates by reference the allegations in the preceding paragraphs.

87. Paragraph 87 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

88. Paragraph 88 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and dies any allegations inconsistent therewith.

89. Paragraph 89 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA, to which no response is required. To the extent a response is deemed required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

**COUNT VII**
**FAILURE TO ESTIMATE A DATE OF PRODUCTION**
**VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii) BY BOP**

90. Defendants hereby incorporate by reference the allegations in the preceding paragraphs.

91. Paragraph 91 consists of Plaintiff's legal conclusions regarding the requirements under the FOIA, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

92. Paragraph 92 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, BOP denies.

**COUNT VIII**
**FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS PROMPTLY AVAILABLE**
**VIOLATION OF 5 U.S.C. § 552(a)(3) BY BOP**

93. BOP hereby incorporates by reference the allegations in the preceding paragraphs.

94. Paragraph 94 consists of statements of law regarding the requirements under the FOIA, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegation inconsistent therein.

95. BOP admits only that BOP has not issued a final determination on Plaintiff's request as of this date. To the extent a further response is required, BOP denies.

**COUNT IX**
**VIOLATION OF 5 U.S.C. § 552 (a)(4)(B)**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY BOP**

96. BOP hereby incorporates by reference the allegations in the preceding paragraphs.

97. Paragraph 97 consists of Plaintiff's legal conclusions regarding the FOIA, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any

allegations inconsistent therewith.

98. Paragraph 98 consists of Plaintiff's legal conclusions regarding the FOIA, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

99. Paragraph 98 consists of Plaintiff's legal conclusions regarding the FOIA, to which no response is required. To the extent a response is required, BOP respectfully refers the Court to the FOIA for a complete and accurate reading of its contents and denies any allegations inconsistent therewith.

## REQUEST FOR RELIEF

The remaining paragraphs in the Complaint set forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the complaint become known to the Defendants throughout the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**THIRD DEFENSE**

Plaintiff is not entitled to the requested injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**FOURTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**FIFTH DEFENSE**

Defendants' actions or inactions did not violate FOIA or any other statutory or regulatory provision.

**SIXTH DEFENSE**

Plaintiff fails to state a claim under FOIA upon which relief can be granted.

**SEVENTH DEFENSE**

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

**EIGHTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.

**NINTH DEFENSE**

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA request.

Dated: September 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ David S. Bettwy*
DAVID S. BETTWY, D.C. Bar #155148
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2410
David.Bettwy@usdoj.gov

*Attorneys for the United States of America*