UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANVI MISRA,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendant. | Civil Action No. 26-2510 (LLA) |

**JOINT STATUS REPORT**

Defendants Department of Justice ("OIG") and the Bureau of Prisons ("BOP"), and Plaintiff Tanvi Misra, by and through counsel, respectfully submit this joint status report pursuant to the Court's October 26, 2026 Minute Order.

1. This is a Freedom of Information Act ("FOIA") case. Plaintiff filed a Complaint on July 18, 2026, ECF No. 1, and Defendants filed an Answer on September 8, 2026, ECF No. 12. The case concerns FOIA requests to DOJ and BOP concerning an investigation into Johnny Noviello's death while in ICE custody. Compl. ¶ 31.

2. Following the parties' initial joint status report, filed on October 16, 2026, the Court ordered the parties to file a Joint Status Report on or before November 18, 2026. Oct. 26, 2026 Minute Order.

3. As previously reported, OIG completed its response on October 15, 2026, and located no responsive records after a thorough search.

4. BOP reports that it has completed its response to Plaintiff's FOIA request on October 19, 2026. BOP located 39 pages of potentially responsive records. Two pages were

released in full, ten pages were released in part, eleven pages were identified as duplicates, and sixteen pages were withheld in full pursuant to FOIA Exemptions 5, 6, 7(C), 7(E), and 7(F).

5. As indicated in the Parties' prior Joint Status Report (ECF No. 14 ¶ 6), the Parties believe that summary judgment briefing and a *Vaughn* index will be required in this case.

6. On October 29, Plaintiff contacted Defendants with a proposed summary judgment briefing schedule. Defendant did not respond. On November 13, Plaintiff followed up with Defendants, but received no response. On November 17, Plaintiff again followed up with Defendants. At that time (one day before the current Joint Status Report was due), Defendant requested information about the issues in dispute.

7. On November 18, 2026, Plaintiff described the issues that she contends remain in dispute. Plaintiff indicated that she intends to challenge the adequacy of Defendants' searches and their withholdings. OIG provided Plaintiff on November 18 at 5:16 P.M. an informal description of its search, including an explanation for finding no responsive records. BOP is reviewing Plaintiff's position and intends to respond.

**Plaintiff's Statement**

8. Defendants contend that their searches are complete, they have produced what they intend to, and that they have properly redacted and/or withheld certain records. Plaintiff disputes both search adequacy and its withholdings. Defendants have not timely responded to Plaintiff's communications. The issues are now ripe for summary judgment and do not warrant further delay.

9. Plaintiff proposes the following schedule for summary judgment briefing:

a. Defendants' motion for summary judgment due December 18, 2026;

b. Plaintiff's opposition and cross-motion for summary judgment due January 18, 2027;

c. Defendants' reply in support of their motion and opposition to Plaintiff's cross-motion due February 18, 2027; and

d. Plaintiff's reply in support of its cross-motion due March 18, 2027.

**Defendants' Statement**

10. Defendants respectfully submit that summary judgment briefing would be premature at this time. The parties have only begun conferring on the issues Plaintiff contends remain in dispute. While Defendants were delayed in responding to Plaintiff's proposed briefing schedule, Plaintiff did not identify any issues with Defendants' responses until November 17, 2026, stating simply that she "intend[s] to challenge the adequacy of the searches and withholdings." After Plaintiff elaborated on November 18, OIG responded the same day. Additional conferral may narrow the issues and avoid unnecessary briefing if not resolve the matter entirely. Defendants therefore believe that the parties should have the opportunity to continue those discussions before summary judgment briefing is scheduled.

11. Accordingly, Defendants respectfully request that the Court order the parties to file another joint status report by January 8, 2027, advising the Court on the status of the parties' discussions and, if appropriate, jointly proposing a briefing schedule for summary judgment.

12. Should the Court nevertheless determine that briefing should proceed at this time, Defendants respectfully request that briefing not begin until late January 2027. Undersigned counsel has prescheduled leave during Thanksgiving week and for approximately two weeks in late December to early January, as well as preexisting litigation obligations through December. Accordingly, Defendants propose the following schedule if briefing proceeds:

a. Defendants' motion for summary judgment due January 26, 2027;

b. Plaintiff's opposition and cross-motion for summary judgment due February 26, 2027;

c. Defendants' reply in support of their motion and opposition to Plaintiff's cross-motion due March 29, 2027; and

d. Plaintiff's reply in support of its cross-motion due April 28, 2027.

Dated: November 18, 2026

/s/ Daniel Melo
DANIEL MELO
The Melo Law Firm
2920 Forestville Road
Ste 100,, PMB 1192
Raleigh, NC 27616
(919) 348-9213
dan@themelolawfirm.com
*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ David S. Bettwy
DAVID S. BETTWY, D.C. Bar #155148
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2410
David.Bettwy@usdoj.gov

*Attorneys for the United States of America*